# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

VIRGIL M. SMITH,

                  Plaintiff,

v.

KYLE TRITT,

                  Defendant.

Case No. 19-CV-599-JPS

**ORDER**

      Plaintiff Virgil M. Smith, who is incarcerated in Waupun Correctional Institution ("Waupun"), proceeds in this matter *pro se*. He filed a complaint alleging that Defendant violated his constitutional rights. (Docket #1). This matter comes before the court on Plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket #2). Plaintiff has been assessed and has paid an initial partial filing fee of $1.33. 28 U.S.C. § 1915(b).

      The court shall screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where

it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual

allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that Defendant, a correctional officer at Waupun, interfered with his access to the court system, specifically by impeding his ability to file a motion in a civil rights case. (Docket #1). It makes sense, then, to begin Plaintiff's tale with the prior case. In December 2017, Plaintiff sued prison social worker Bailey Frame ("Frame") for denying his request to make a telephone call to his aunt. *Virgil M. Smith v. Bailey Frame*, 17-CV-1745-JPS (E.D. Wis.), (Docket #1). The action was assigned to this branch of the Court. Plaintiff was allowed to proceed on a First Amendment claim for interference with his right of familial association. *Id.*, (Docket #21).

Frame filed a motion for summary judgment, arguing that she had legitimate reasons to disallow Plaintiff's telephone call. *Id.*, (Docket #61). Plaintiff's opposition to the motion was based solely on purported procedural deficiencies in the Frame's motion. *Id.* The Court found that the motion complied with the applicable procedural rules, and further that

summary judgment was appropriate on the facts presented. *Id.* The action was dismissed with prejudice on October 9, 2018. *Id.*

On November 9, 2018, Plaintiff filed a notice of appeal. *Id.*, (Docket #64). On November 19, 2018, Plaintiff sought leave from this Court to appeal *in forma pauperis*. *Id.*, (Docket #70). The Court denied that request the next day. *Id.*, (Docket #71). In January and February 2019, Plaintiff asked for leave to proceed *in forma pauperis* directly from the Court of Appeals. *Virgil Smith v. Bailey Frame*, 18-3409 (7th Cir.), (Docket #8, #11, and #14). That court denied all of Plaintiff's requests and ordered him to pay the filing fee. *Id.*, (Docket #10 and #17). Plaintiff did not pay the fee and his appeal was dismissed on March 18, 2019. *Id.*, (Docket #18).

Returning to the present case, Plaintiff alleges that in February and March 2019, he tried to obtain some legal paperwork in order to prepare a motion for reconsideration to be filed in 17-CV-1745. (Docket #1). He contends that he desired to raise a number of issues in the motion. *Id.* First, Plaintiff would allege that Frame's counsel and the Court "failed to disclose that the defendant had filed a brief during summary judgment[.]" *Id.* at 6. Second, Plaintiff would assert that the Court's dismissal order, and presumably its other orders, were void because the Court was biased. *Id.* at 7. Plaintiff lists various rulings by the Court as the source for his allegation of bias. *Id.* Third, Plaintiff would argue that because "more than two errors were committed in the course of the [case]," he was denied "a fundamentally fair trial." *Id.* at 8. Plaintiff accuses Defendant, a supervisory correctional officer, of interfering with his ability to file this motion because Defendant would not give him his legal materials.

Plaintiff claims that Defendant violated his First Amendment rights to petition the government for redress. *Id.* This is more commonly known

as an "access-to-courts" claim. *Ortiz v. Downey*, 561 F.3d 664, 670–71 (7th Cir. 2009). To state an access-to-courts claim, a prisoner must be deprived of such access and suffer an actual injury as a result. *Id.* For the purposes of this analysis, the Court assumes that Plaintiff has adequately alleged that he was deprived of access to the court system by Defendant's refusal to provide him his legal materials.

Plaintiff falters on the second aspect of the claim, however. The "actual injury" he must show is that Defendant's conduct "hindered his ability to pursue a nonfrivolous legal claim." *Johnson v. Barczak*, 338 F.3d 771, 772 (7th Cir. 2003). In other words, "the right [of access to courts] is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Thus, a plaintiff seeking to proceed on an access-to-courts claim must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006); *see also Lehn v. Holmes*, 364 F.3d 862, 868–69 (7th Cir. 2004).

The claim Plaintiff has identified, the motion for reconsideration, is entirely frivolous. Plaintiff states that the basis for his motion would have been Federal Rule of Civil Procedure ("FRCP") 60(b). *See* (Docket #1 at 6–8). FRCP 60(b) offers relief from a court's orders or judgments if a party can show "the narrow grounds of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, voidness, or 'any other reason justifying relief from the operation of the judgment.'" *Tylon v. City of Chicago*, 97 F. App'x 680, 681 (7th Cir. 2004) (quoting FRCP 60(b)(6)). Such relief "is an extraordinary remedy and is granted only in exceptional

circumstances." *Harrington v. City of Chicago*, 443 F.3d 542, 546 (7th Cir. 2006).

None of the grounds Smith cites in support of his motion warrant FRCP 60(b) relief. First, Frame's brief in support of her motion for summary judgment was filed on the Court's docket along with the rest of her submissions. 17-CV-1745, (Docket #46). Frame mailed all of her summary judgment materials to Plaintiff when she filed the motion. *Id.*, (Docket #45-1). Indeed, Plaintiff must have received Frame's brief, as his response brief expressly discusses its content. *See, e.g.*, (Docket #56 at 3–5). Neither the Court nor Frame failed to disclose anything about the brief to Plaintiff.

Second, Plaintiff's allegations of bias would not warrant recusal by the undersigned, or any other form of relief. The standards governing a judge's recusal are set out in 28 U.S.C. Sections 144 and 455. Section 144 requires a judge to recuse himself for "personal bias or prejudice." 28 U.S.C. § 144. Section 455(a) requires a federal judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," and Section 455(b)(1) provides that a judge shall disqualify himself if he "has a personal bias or prejudice concerning a party." *Id.* § 455(a) and (b)(1). Because the phrase "personal bias or prejudice" found in Section 144 mirrors the language of Section 455(b), they may be considered together. *Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1025 (7th Cir. 2000). In deciding whether a judge must disqualify himself under Section 455(b)(1), the question is whether a reasonable person would be convinced the judge was biased. *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996) (internal quotation omitted). Recusal under Section 455(b)(1) "is required only if actual bias or prejudice is proved by compelling evidence." *Id.*

Plaintiff's only ground for alleging bias is his disagreement with various legal rulings by the Court. But "[j]udicial rulings, even those that 'are critical or disapproving of, or even hostile to' a party, do not constitute a valid basis for disqualification except in the 'rarest circumstances' in which 'deep-seated favoritism or antagonism' makes fair judgment impossible." *Simons v. Fox*, 725 F. App'x 402, 406 (7th Cir. 2018) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). The Court's decisions come nowhere close to demonstrating deep-seated favoritism or antagonism. Instead, the issues Plaintiff cites are completely mundane, from a perceived lack of explanation from the Court in dismissing certain claims, to the Court's handling of his request for law library access, to the Court's purported failure to disclose Frame's summary judgment brief. None of the issues Plaintiff cites, either alone or in combination, constitute a ground for the Court to disqualify itself.

Third, Plaintiff's case never reached trial, so his argument about not receiving a fair trial makes no sense. In any event, all of his concerns with errors by the Court in handling his case could have been addressed in the usual manner—on appeal. This final point provides the most compelling basis for finding a lack of prejudice in Plaintiff's access-to-courts claim. His appeal was the most appropriate avenue by which to challenge this Court's rulings, and he allowed it to be dismissed because he refused to pay the filing fee. Plaintiff cannot claim prejudice when he voluntarily walked away from his best opportunity to obtain the relief he sought.

Because Plaintiff's motion for reconsideration would have been meritless, Plaintiff fails to state a valid access-to-courts claim. Plaintiff's complaint suggests that he also wants to proceed on a freedom of speech claim. But the essential basis of his allegations is a violation of his right to

access the court system. Plaintiff cannot shoehorn in additional claims where one claim is the most appropriate to address his allegations. *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (constitutional claims should be addressed under, and indeed limited to, the most applicable provision). Stating no valid claims for relief, Plaintiff's complaint must be dismissed with prejudice.

The Court will conclude by addressing some ancillary motions filed by Plaintiff prior to this screening order. The first is a motion for recusal. (Docket #6). Plaintiff offers two reasons for the undersigned to recuse from this action, but neither is compelling. First, Plaintiff states that recusal is warranted because he expressly seeks the undersigned's disqualification as an element of relief in this matter. This is no evidence of the Court's bias; if it were, then any plaintiff could achieve assignment of their case to a judge of their choosing simply by requesting disqualification of the other judges in that district. Further, disqualification is not a valid item of relief for the constitutional claim Plaintiff seeks to present, and so the request could have no effect on any potential prejudice toward Plaintiff's case. Second, Plaintiff suggests that the Court engaged in various "misrepresentations" in the Frame case. It appears that this is merely a rehashing of the position Plaintiff sought to present in the second ground of the motion for reconsideration. It may be rejected for the same reasons.

The second ancillary motion asks that Plaintiff be permitted to submit his magistrate judge consent form after the Court addresses his motion for recusal. (Docket #7). The third motion requests that the Court stay the screening process until the motion for recusal is decided. (Docket #11). With the denial of the motion for recusal, those two motions are rendered moot.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to disqualify (Docket #6) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion concerning the magistrate judge consent form (Docket #7) and to stay screening (Docket #11) be and the same are hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that this action is **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim;

**IT IS FURTHER ORDERED** that the Clerk of Court document that Plaintiff has incurred a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 26th day of June, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge